In *Atty. Genl. v. Brown*, 1 Wis. 513, the court says :—
" Whatever power or duty is expressly given to, or imposed
upon the executive department is altogether free from inter-
ference of the other branches of the government.　Especially
is this the case where the subject is committed to the *discre-
tion* of the chief executive officer either by the constitution
or by the laws.　So long as the power is vested in him, it is
to be by him exercised, and no other branch of the govern-
ment can control its exercise."

In *State v. Doherty*, 25 La. Ann. 119, it is said, " Where
the governor has power to remove an officer for neglect of
duty, he is the sole judge whether the duty has been neglect-
ed."　See also *State v. Kennon*, 7 Ohio St. 546 ; *Lane v.
Com.*, 103 Pa. St. 481 ; *Wilcox v. People*, 90 Ill. 186.

It follows from the premises that the State Veterinary
Sanitary Board had no authority to pass upon the relator's
qualifications, and no power of removal ; that such authority
and power were by the constitution vested only in the gov-
ernor, consequently, that the relator was not deposed.

The judgment of the district court will be affirmed.

*Affirmed.*

———————————————

MᶜMᴇᴇʟ ᴇᴛ ᴀʟ., Aᴘᴘᴇʟʟᴀɴᴛs, v. O'Cᴏɴɴᴏʀ, Aᴘᴘᴇʟʟᴇᴇ.

Voɪᴅ Sᴀʟᴇ—Rᴇᴅᴇᴍᴘᴛɪᴏɴ.

One who was intended to be made trustee, but by mistake was not so·
made, takes no title under the deed of trust and is not invested
with any powers as trustee.　A sale by him is void, and does not
preclude the trustor of his right to redeem.

*Appeal from the District Court of Arapahoe County.*

Mr. Wɪʟʟɪᴀᴍ Kɴᴀᴘᴘ, for appellants.

Messrs. Sᴜʟʟɪᴠᴀɴ & Mᴀʏ, for appellee.

REED, J., delivered the opinion of the court.

It appears by the pleadings of both parties that O'Connor (appellee) borrowed $250, for which he gave his note payable to McMeel, and secured it by a trust deed upon two building lots which were conveyed in trust by mistake to McMeel, as trustee, to secure money alleged in the trust deed to be due and payable to John C. Keegan.   The parties were reversed in the trust deed; the property was conveyed to the beneficiary, instead of the trustee.   It was evidently the intention to convey to Keegan, as trustee, to secure McMeel, but the conveyance was to McMeel as trustee to secure Keegan; the note was also described in the trust deed as payable to Keegan.

The note having matured and being unpaid, Keegan, assuming to act as trustee, advertised and sold the property to McMeel as purchaser and executed a deed as trustee purporting to convey the property.   Some time after O'Connor tendered the amount due upon the note, which McMeel refused, claiming to be owner of the property.   This suit was brought to compel McMeel to take the amount due and, by proper conveyance, to clear up the title.   The facts stated in the complaint are admitted in the answer, and a cross complaint was filed alleging that the conveyance was the result of a mutual mistake, and asking for a reformation of the deed of trust, and that McMeel be declared the owner of the property.   A demurrer was filed to the answer and cross complaint and sustained by the court.   Defendants elected to stand by their answer, and a decree was entered for the plaintiff, and an appeal from such decree.

The decree must be affirmed.   No title whatever passed to Keegan by virtue of the conveyance by trust deed, nor was he invested with any powers as trustee, hence, in assuming the duties of trustee and attempting to advertise and sell, he was only a volunteer, and the proceedings and supposed deed made by him as trustee were void and of no effect.   No title having passed, the right of O'Connor to pay off the in-

debtedness and receive a release of his property clear of the cloud cast upon it by the pretended sale and conveyance was unquestionable. If a reform was needed of the trust deed to make it conform to the intention of the parties, it should have been reformed before attempting to dispose of the property under it.

*Affirmed.*

———— ‹•••› ————

DESSAUER ET AL., PLAINTIFFS IN ERROR, v. KOPPIN, DEFENDANT IN ERROR.

| Col. App. | |
| --- | --- |
| 3 | 115 |
| 3 | 475 |
| 3 | 583 |
| 19c | 209 |
| 3 | 115 |
| 6 | 145 |
| 6 | 376 |
| 3 | 115 |
| 15 | 97 |
| 15 | 349 |
| 15 | 401 |
| 3 | 115 |
| 28s | 479 |
| 3 | 115 |
| 20 | 512 |

1. JUDGMENT, FORM OF.

When an action is brought against copartners to collect a firm debt, it is error to render judgment against one of the partners as for an individual debt.

2. SAME.

The only judgment which can be entered in an action against a firm when all its members have not been served or have not appeared is one against the partners, to be enforced against partnership property and that of the member served.

*Error to the District Court of Montrose County.*

Messrs. GRAY & SELIG and Messrs. GOUDY & SHERMAN, for plaintiffs in error.

No appearance for defendant in error.

BISSELL, J., delivered the opinion of the court.

This case is clearly controlled by the principles announced in *Exchange Bank v. Ford,* 7 Colo. 314, and *Craig v. Smith,* 10 Colo. 220. According to the record the plaintiff declared on a debt due from a firm and the proof established a copartnership liability. Koppin was the publisher of a paper called " The Montrose Enterprise," and at various times had published in that journal advertisements and local notices at